UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20935-CIV-DAMIAN

**JUAN GREGORIO CRUZ MARIN**,

    Petitioner,
v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**, *et al.*,

    Respondents.
_____/

**ORDER GRANTING MOTION TO TRANSFER VENUE [ECF NO. 3]
AND TRANSFERRING MATTER TO WESTERN DISTRICT OF MICHIGAN**

**THIS CAUSE** came before the Court on Respondents' Motion to Dismiss or Transfer Action ("Motion") [ECF No. 3], filed on February 12, 2026.

THE COURT has considered the Motion, Petitioner, Juan Gregorio Cruz Marin's ("Petitioner"), Response [ECF No. 4] and Respondents' Reply thereto [ECF No. 5], the pertinent portions of the record, and relevant authorities and is otherwise fully advised. As set forth below, this Court finds that a transfer of the Petition to the United States District Court for the Western District of Michigan is warranted.

On February 11, 2026, Petitioner, Juan Gregorio Cruz Marin ("Petitioner"), filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") [ECF No. 1]. In the Petition, the Petitioner asks this Court "to order that [Petitioner] be released from detention on his own recognizance, on conditional release, or alternatively on a low bond." *See* Pet. at 13. Petitioner indicates he is confined at "North Lake Correctional Facility, 1805 West 32 Street, Baldwin, MI 49304." *Id.* at 1. However, in his Response, Petitioner argues that he should be permitted to prosecute his Petition in the Southern District of Florida

because he had been residing in Ocala, Florida before his detention, was initially detained in Orlando, then transferred to Alligator Alcatraz in Ochopee, Florida, then Louisiana, and finally arrived in Michigan. *See* Resp. ¶¶ 1-2. In short, Petitioner argues that transferring him to different detention centers in quick succession and those accompanying burdens are factors this Court should consider when determining the proper venue. *See id.* ¶ 9.

The applicable habeas statute, 28 U.S.C. § 2241, permits courts to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted the "within their respective jurisdiction language to mean that a Section 2441 petitioner challenging his present physical custody must file a petition for writ of habeas corpus in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004). This same rule applies even for petitions filed by immigration detainees, where "jurisdiction lies in only one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citing *Padilla*, 542 U.S. at 443); *see also M.C.C. v. Warden, Stewart Detention Ctr.*, No. 26-cv-120-CFL, 2026 WL 261467, at *1 (M.D. Ga. Jan. 30, 2026) (transferring immigration habeas petition to Southern District of Georgia because the petitioner was detained at an ICE processing center located in the Southern District of Georgia).

The village of Baldwin, where Petitioner alleges he is detained, is located in Lake County, Michigan. Lake County lies within the jurisdiction of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). And even if this Court were to adopt Petitioner's argument that venue may lie in other jurisdictions where Petitioner was detained or confined *en route* to Michigan, venue would still not be proper in the Southern District of Florida because Ocala (Marion County), Orlando (Orange County), and Ochopee (Collier County) are all in the Middle District of Florida. *See* 28 U.S.C. § 89(b). The Petition offers no

allegations indicating that Petitioner was ever confined in the Southern District. *See Trump v. J.G.G.*, 604 U.S. at 672 ("[J]urisdiction lies in only one district: the district of confinement."). Therefore, this Court agrees with Respondents that under Section 2241, venue is not proper in the Southern District of Florida.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." District courts have the authority to transfer cases *sua sponte*. *See Kapordelis v. Danzig*, 387 F. App'x 905, 907 (11th Cir. 2010) (affirming district court's *sua sponte* transfer of case pursuant to 28 U.S.C. § 1406(a)).

Here, because the Petition concerns Petitioner's allegedly unlawful detention in the Western District of Michigan, the Western District of Michigan is the correct venue to adjudicate the Petition.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion **[ECF No. 3]** is **GRANTED.**
2. The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Western District of Michigan.
3. The Clerk of Court is directed to **CLOSE** this case in this Court.
4. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, on this 2nd day of March, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**